Luis Sanquírico, Plaintiff and Appellant, *v.* Pension Board, etc., Respondent and Appellee.

No. 6273. Argued June 22, 1933.—Decided February 14, 1934.

*C. Iriarte* and *F. Fernández Cuyar* for appellant. *Benjamin Horton, Attorney General, (Charles E. Winter* on the brief), and *F. Janer, Assistant Attorney General,* for appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

This is a case of mandamus. In the petition the following is alleged:

"1. That the petitioner is of age, married, and a resident of San Juan, Puerto Rico, and the respondent is a governmental administrative board created by Act No. 104, passed by the Legislature of Puerto Rico in the year 1925, for the purposes and with the powers enumerated in said Act, and is composed of Manuel V. Domenech, Charles H. Terry, Juan M. Herrero, Dr. A. Fernós Isern, and José G. López.

"2. That the petitioner was employed in the Insular Government for over twenty years, up to February 13, 1931, and on January 26, 1931, the respondent board granted him his retirement under the provisions of section 8 of Act No. 104, of September 2, 1925.

"3. That the petitioner was suspended from employment and his salary stopped from July 6, 1922, to February 1, 1924, pending the substantiation of an indictment brought against him by the Grand Jury of the United States District Court for the District of Puerto Rico, and was reinstated in his employment in the Department of Finance on February 1, 1924, the said court having acquitted him of the said charge.

"4. That the Legislature of Puerto Rico, by Joint Resolution No. 7, which became a law on April 14, 1931, directed the payment to the petitioner, Mr. Sanquírico, of the salary for said period of suspension, because it found that there was no justified cause for such suspension.

"5. That the respondent board, in computing the period of the services rendered by the petitioner, for the purpose of determining the pension that should be assigned to him in accordance with the law, excluded the time during which the petitioner was suspended from employment, without pay.

"6. That in the communication addressed to the petitioner by the respondent board on March 2, 1931, he was notified that according to the computation made by the respondent board, the pension assigned him amounted to ONE THOUSAND AND TWENTY-FIVE DOLLARS AND SIXTY-FOUR CENTS annually.

"7. That on April 17, 1931, the petitioner wrote to the respondent board protesting against the computation made to determine the amount of the pension to which the petitioner was entitled, and in

said communication claimed an annual pension of ONE THOUSAND AND NINETY-ONE DOLLARS AND NINE CENTS, to compute which the petitioner included the period between July 6, 1922, and February 1, 1924, during which, as has been said, he was unjustly suspended from employment and his salary stopped.

"8. That the respondent board, in a letter of October 19, 1931, refused to recognize the right of the petitioner to have computed, for the purpose of determining the amount of his annual pension, the whole time of the services rendered, without excluding the period of time during which he was suspended from employment, without pay, in the absence of any legal cause whatever for such suspension."

After the petition was filed, the respondent was ordered to appear and show cause why the writ should not be issued. The respondent accordingly appeared and set forth its grounds for opposing the issuance of the writ. Those grounds were considered by one of the District Judges of San Juan, Mr. Llauger, and as they were not regarded as sufficient, the issuance of a conditional writ of mandamus was ordered.

It seems advisable to reproduce the reasons on which Judge Llauger based his decision, thus:

"The respondent's ground for the peremptory dismissal of the petition are the following: 1. Because the time during which the petitioner was out of the service is not computable for the purpose of fixing the amount of the employee's pension; 2. Because it appears from the petition itself that the respondent board acted in the exercise of its discretionary powers and did not abuse such discretion; and 3, Because the petitioner has no clear right to the issuance of the writ of mandamus sought.

"Section 8 of Act No. 104 of 1925 provides that any officer or employee to whom the act is applicable and who shall have rendered at least twenty years of service, shall be entitled to an annual life pension equal to 2 per cent of his average basic annual salary of compensation during his last seven years of computable service, multiplied by the number of years of service. The computation of these services is made in accordance with section 2 of the Act, which provides that in computing the length of service, the time during which such officer or employee shall have been out of the service shall be excluded as any legal absence exceeding a total of ninety

days in any calendar year, and also all temporary services rendered, subsequent to January 1, 1924.

"Since, for the purpose of this motion filed by the defendant, we must admit the facts in the complaint as true, the most elementary principle of logic tells us that if the employee was suspended from employment, without pay, and was later reinstated, although he was out of the service for the duration of the suspension, it was for a reason foreign to his will, and at any moment he was bound to return and again render the service he had been rendering, as soon as the cause of his suspension should cease. The fact that the Legislature also passed the Joint Resolution to which we referred above, in which it was stated that there was no justified cause for the suspension and which authorized the payment of his salary, must mean that such suspension cannot be considered as a period of time out of the service in the sense in which such phrase should be interpreted in applying section 2 of Act No. 104 of 1925.

"The first ground of the respondent's objection having been thus decided, it follows that the second must also fail, since if the employee was out of the service not on his own account or by his own will but for reasons foreign to his desire, the respondent has no authority to apply the act in the manner in which the petitioner alleges in his petition that it was applied to him, as said respondent has no discretion in the matter, and even if it had, it could not exercise the same in that manner.' '

The final hearing set was considered as held by stipulation of both parties, the truth of the facts alleged in the petition being accepted by the respondent; and the case thus submitted to another Judge of the District Court of San . Juan, Mr. De Jesús, was decided on the merits against the petitioner, who thereupon took an appeal to this court.

The reasoning of Judge De Jesús was as follows:

"The legal problem now presented to us is to determine whether the time during which the petitioner was suspended from employment, without pay, should be computed by the respondent board for the purpose of fixing the amount of the pension that the petitioner should receive.

"The question raised by the petitioner is controlled by, and depends upon, the interpretation we give to section 2 of Act No. 104 of 1925, which provides, in part, as follows:

" 'In computing length of service for the purposes of this Act, the time during which such officer or employee shall have been out of the service shall be excluded as well as any legal absence exceeding a total of ninety days in any calendar year, and also the length of service rendered under temporary appointment, subsequent to January 1, 1924.'

"In our judgment, the intention of the Legislature is clearly expressed in said paragraph, in the sense that the services must be actually rendered. The fact that the act excludes any legal absence exceeding ninety days in any calendar year shows that the intention of the Legislature was to take into account only the time spent in rendering public service and not the time during which the officer has held public office. Why exclude from the computation the leaves of absence exceeding ninety days and include a suspension from employment, without pay, for two years? The petitioner cites abundant jurisprudence to show that a public officer suspended from office, without pay, does not cease to be such officer by the fact of the suspension; but that, we believe, is not the point in controversy. We admit that a public officer suspended from office, without pay, continues to be such officer until he ceases definitely in his office, either by resignation, removal, or the expiration of the term for which he was appointed, but we cannot accept that an officer who is suspended from office, without pay, is rendering services to The People of Puerto Rico as such officer. His position, in so far as the rendering of services is concerned, is the same as that of an employee or officer on leave, and there is no reason to make any distinction whatever between a leave of absence that exceeds ninety days and a suspension from office, without pay, lasting two years, as in the instant case, for where the law makes no distinction, the courts must make none."

After a careful study of the facts and the law, of the opinions delivered by the district judges, and of the briefs of counsel for both parties, we are of opinion that the petitioner is right.

In our judgment, everything depends on the interpretation given to the words "out of the service" used in section 2 of Act No. 104 of 1925 (Session Laws, p. 948), which is the applicable statute. We believe a "suspended" employee can only be considered to have been "out of the service" during the time of the suspension, if, upon the final decision

of his case, he is removed or separated from his employment. But if it is decided that he return to it because the grounds for the suspension are considered unjustified, it must be concluded that he remained always within the service.

The comparison made with the case of leaves of absence leads us to a conclusion contrary to that reached by the trial judge. The effect of leaves of absence on the pension is something that the act expressly regulates, and within the regulation itself we may see how an employee who, in fact, has not rendered services during a ninety-day leave of absence is not considered out of the service, but within it, for the purpose of computation. Where the absence exceeds ninety days, the official is not entitled to its computation, and usually, beyond those ninety days the official receives no salary whatever; but if he does receive it, he has already been warned that it will not be considered for the purpose of the pension. Also, a leave of absence is requested by the officer for his own benefit, while a suspension is imposed upon him against his will, and if later it is decided that the suspension was unjust and it is ordered that the salary he should have received during that time be paid to him, after deduction is made of the amount belonging to the pension fund, then there is, we believe, no reason for excluding from the computation the time during which the official was suspended, based on the provisions of the aforesaid section 2 of Act No. 104 of 1925.

Therefore, the judgment appealed from must be reversed and another rendered instead ordering the issuance of the writ sought.